IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief July 11, 2001

## WILLIAM THOMAS WINCHESTER v. GLENDA RACHELLE WINCHESTER (WINBUSH)

**A Direct Appeal from the Circuit Court for Chester County**
**No. 4186     The Honorable Don Allen, Judge**

---

**No. W2000-01764-COA-R3-CV - Filed October 3, 2001**

---

In a post-divorce proceeding, father filed a "motion" to increase visitation with his minor child. The trial court found that there had been no material change of circumstances since the entry of the prior visitation order and denied the "motion." Father has appealed. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

William T. Winchester, Pro Se

No Brief Filed By Appellee

### OPINION

The parties, William Thomas Winchester ("Father"), appellant, and Glenda Rachelle Winchester ("Mother"), appellee, are divorced and have one minor child. The current child custody order is not in the record, but according to Father's brief it was entered January 8, 1998, and changed the prior child custody arrangement from joint custody, with the child alternating weekly between the parents, to sole custody being placed with the Mother and allowing Father visitation every other weekend. On May 18, 1999, Father filed "Motion to Increase Visitation," and an evidentiary hearing was held on November 22, 1999. The motion was denied by order entered January 20, 2000, because the trial court did not find that there was a material change of circumstances sufficient to warrant an increase in visitation. However, this order did provide that the "[p]laintiff, [Mr. William Thomas Winchester], be allowed to call the minor child every Tuesday and Thursday at 7:00 p.m., for a duration of at least ten minutes, which may be adjusted by the Court as the minor child's age increases."

On February 7, 2000, Father filed "Motion for New Hearing and/or to Amend Judgment on Motion to Increase Visitation." This motion was also denied by final order entered June 27, 2000. Father has appealed and presents two issues for review as stated in his brief:

> (1) Whether the trial court committed an error of law by using the 'material change of circumstances' standard instead of the 'best interest of the child' standard in deciding a motion to increase visitation between the father and the child.

> (2) Whether the trial court erred and abused its discretion in denying a motion to increase visitation where the undisputed facts constituted a 'material change of circumstances' which warranted an increase in visitation.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

A trial court's decisions involving custody and visitation, once made, are final and will not be modified unless the trial court is satisfied that a material change in circumstances has occurred since the prior order was entered. *Neely v. Neely*, 737 S.W.2d 539, 544 (Tenn. Ct. App. 1987) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952); *Long v. Long*, 488 S.W.2d 729, 731-32 (Tenn. Ct. App. 1972)). T.C.A. § 36-6-101(a) (Supp. 2000) empowers the courts to change custody 'as the exigencies of the case may require' and courts will change custody when the party seeking to change custody proves (1) that the child's circumstances have materially changed in a way that could not have been reasonably foreseen at the time of the original custody decision, and (2) that the child's best interests will be served by changing the existing custody arrangement." *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997)(citations omitted). There are no bright line rules for determining when a change in a child's circumstances will be deemed material enough to warrant a change in the custody or visitation arrangement. *Roberts v. Roberts*, No. M2000-00216-COA-R3-CV, 2000 WL 1473869, at 2 (Tenn. Ct. App. Oct. 5, 2000) (citing *Taylor v. Taylor*, 849 S.W.2d 319, 327 (Tenn. 1993)).

As to the first issue on appeal, appellant argues that the best interest of the child standard should be used when determining whether to modify parental visitation. Although Tennessee law provides that when "reviewing child custody and visitation cases, [the Court] must remember that the welfare of the child has always been the paramount consideration," *Luke v. Luke*, 651 S.W.2d 219, 221 (Tenn. 1983), child custody and visitation decisions, once made and implemented, are res judicata upon the facts in existence or reasonably foreseeable when the decision was made. *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952)). Therefore, the first step a court must take when determining whether to alter or modify visitation or custody decisions is to find whether the child's circumstances have materially changed in a way that could not have been reasonably foreseen at the time of the

original custody decision. ***See Adelsperger v. Adelsperger***, 970 S.W.2d at 485. We agree with the trial court on this issue and hold that the material change of circumstances standard is the appropriate standard used when determining whether to modify a visitation or custody decision.

As to the second issue, Father argues that the evidence established a material change of circumstances. Father testified that the minor child has not adjusted well to the loss of time with him which resulted from the January 8, 1998 custody order. He further testified that Mother lives in Huntingdon, Tennessee, and Father lives in Memphis, Tennessee, and that although the current custody order allows for visitation upon agreement of the parties, Mother refuses to allow Father visitation outside the specific times provided for in the current custody order.

The fact that Mother lives in Huntingdon, Tennessee and Father lives in Memphis, Tennessee does not create a material change in the child's circumstances, because there is no evidence in the record stating that Mother moved to Huntingdon, Tennessee after the January 8, 1998 order changing custody. This argument by Father is without merit.

As to the assertion regarding Mother's refusal of visitation outside the specific times provided for, there is no proof in the record concerning specific deviations of additional visitation in order to determine any unreasonableness of those denials. Father has also testified that Mother has cut off all communication with him, but, again, there is no proof indicating that this has affected the child constituting a change of circumstances.

Accordingly, the evidence does not preponderate against the trial court's finding that there is no material change of circumstances warranting an increase in visitation at this time.

The order of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, William Thomas Winchester, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.